IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JACQUELINE K. MCNEELY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 1:05-0092 |
| ) | JUDGE HAYNES |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff, Jacqueline K. McNeely, a postal employee, filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. against the Defendant, John E. Potter, Postmaster General. Plaintiff challenges the administrative decision of the Equal Employment Opportunity Commission ("EEOC") upholding the Defendant's denial of her claim to additional backpay. This action arises from an Administrative Law Judge's ("ALJ") finding of employment discrimination and recommended decision to award benefits to Plaintiff. The Defendant did not contest the recommended decision, but differed with Plaintiff in the calculation of her backpay. The parties' dispute was presented to the EEOC that affirmed the Defendant's calculation of backpay.

Before the Court is the Defendant's motion to dismiss or for motion for summary judgment (Docket Entry No. 6) and the Plaintiff's motion for summary judgment (Docket Entry No. 25). In his motion, the Defendant contends that this action is an de novo action and Plaintiff must prove Title VII liability before she seeks any additional remedy. The Defendant also asserts that because Plaintiff failed to plead or prove liability in her complaint, her action should be dismissed for failure to state a claim or to support a judgment under Title VII. In addition, the Defendant argues that the

Plaintiff's proof is insufficient to support a higher backpay award.

In her motion, Plaintiff argues that under Haskins v. Dept. of the Army, 808 F.2d 1192 (6th Cir. 1987), Plaintiff can properly pursue her Title VII remedy claim without relitigating liability and alternatively, that given the Defendant's acceptance of the ALJ's decision, the Defendant should be equitably estopped from contesting liability in this action. Finally, Plaintiff submits that the Defendant's proof on the proper amount of backpay consists of inadmissible hearsay.

## A. Review of the Record

Plaintiff, a discharged federal postal employee, filed an administrative charge of sex discrimination and retaliation that culminated in a hearing before an ALJ for the Equal Employment Opportunity Commission ("EEOC"). The ALJ found merit in Plaintiff's claims and awarded remedies of reinstatement, backpay, interest and other benefits. In its final agency decision of July 28, 1999, the Postal Service notified Plaintiff that the Postal Service "accept[ed] the recommended decision of [the ALJ] that you were discriminated against on the basis of sex and retaliation". (Docket Entry No. 9, DeSorbo declaration at pp. 3-6). The Postal Service "implemented the ALJ's decision." Id. at Exhibit C, EEOC Decision at p. 1.

In computing Plaintiff's backpay award, a dispute arose over Postal Service's failure and refusal to reduce from Plaintiff's interim earnings, the ordinary and necessary per diem living expenses Plaintiff incurred as a truck driver for Southern Shipping, Inc., such as the cost of meals while Plaintiff was on the road for Southern Shipping. (Docket Entry No. 14, McNeely Affidavit at p. 2). Thus, Plaintiff contends that the Defendant owes her $38, 220 in additional backpay. Id. at p. 3. After another administrative process, the EEOC upheld the Postal Service's determination of the amount of backpay. (Docket Entry No. 9, DeSorbo declaration at Exhibit C at p.1).

2

Both parties submit proof on the contested issue of Plaintiff's disputed expenses as a truck driver at the former Southern Shipping company. The Defendant submits a letter to the Postal Service from Southern Shipping that Plaintiff was an employee whose road expenses were reimbursed by the company. Id. at Exhibit B. The affidavit of Tony Davidson, a former management representative at Southern Shipping, asserts that Plaintiff was an employee of the company, but Southern Shipping did not reimburse her on meals and living expenses. (Docket Entry No. 29, Davidson Affidavit at pp. 1-2). McNeely insists that she claimed expense deductions for her travel expenses on her tax returns for the years 1995 through 1999. (Docket Entry No. 14, McNeely Affidavit at pp. 3, 8).

## B. CONCLUSIONS OF LAW

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

42 U.S.C. § 2000e-16(c) allows federal employees to pursue a civil against a federal agency for discrimination under Title VII.

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal, or unit on a order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section. Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency or unit or with the Equal

3

>   Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, <u>an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action</u> as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Id. (emphasis added).

In Chandler v. Roudebush, 425 U.S. 840 (1976), the Supreme Court held that notwithstanding any administrative proceeding, federal employees have the right to a trial de novo of their employment discrimination claims under Title VII. In its analysis, the Supreme Court noted the legislative history of § 2000e-16(c) and that statute's wording.

>   Nothing in the legislative history indicates that the federal-sector "civil action" was to have this chameleon-like character, providing fragmentary *de novo* consideration of discrimination claims where "appropriate," Ibid., and otherwise providing record review. On the contrary, the options which Congress considered were entirely straightforward. It faced a choice between record review of agency action based on traditional appellate standards and trial *de novo* of Title VII claims. The Senate committee selected trial *de novo* as the proper means for resolving the claims of federal employees. The Senate broadened the category of claims entitled to trial de novo to include those of private-sector employees, and the Senate's decision to treat private-and federal-sector employees alike in this respect was ratified by the Congress as a whole.
>
>   * * *
>
>   Here . . . there is a "specific statutory authorization" of a district court "civil action," which both the plain language of the statute and the legislative history reveal to be a trial *de novo*.

Id. at 861-62 (citations and footnote omitted).

In Haskins v. Department of the Army, 808 F.2d 1192, 1196-97 (6th Cir. 1987), the Sixth Circuit considered the claim of a federal employee who secured an administrative ruling of discrimination, but the EEOC did not award back pay or a retroactive promotion, concluding that

4

the plaintiff would not have been selected for the position at issue. The <u>Haskins</u> plaintiff filed a district court action to recover backpay and/or the promotion and argued that the EEOC's determination of discrimination was binding on the district court and that finding necessarily proved causation on the promotion at issue. The procedural and factual context was as follows:

> On November 25, 1983, the Army filed a motion for summary judgment with the district court. <u>In its memorandum in support of its motion, the Army stated that in a Title VII case, the issue before the court was whether the complainant had been discriminated against. The memorandum further specified that, "[t]his issue, however, was determined in her favor by the Army and upheld on appeal by the EEOC. We do not challenge that determination.</u> There remains only the issue of the relief to which she is entitled."
>
> * * *
>
> As should be evident from our discussion on the parties' memoranda in support of their summary judgment motions, both the Army and appellant considered the issue before the district court to be whether appellant would have been promoted in the absence of discrimination. Therefore, <u>the parties were initially in agreement that, in order to determine whether appellant was entitled to an award of back pay and retroactive promotion, the district court must make a factual finding that the Army's discrimination was a "but for" cause in appellant's being denied the promotion in question</u>.

Id. at 1195. (emphasis added).

On the interface between the administrative and judicial proceedings, the Sixth Circuit identified the critical issue as follows:

> We believe that the principal question before this court is whether our recent opinion in <u>Blalock</u> precludes a district court from resolving a factual dispute over causation in the remedial stage of a claim if such a question has not yet been resolved by the district court. In addition, we must determine whether the Army's admission of liability based on the administrative findings has any effect on our analysis of this case. For the reasons which follow, we conclude that neither <u>Blalock</u> nor the Army's admission barred the district court form resolving the factual dispute over causation.
>
> * * *

5

>       Our opinion is not swayed by the fact that a finding of liability was entered in appellant's favor at the administrative level and that the Army admitted to liability in this action based on those findings. <u>We do not take issue with appellant's assertion that a federal employee can request a federal court to enforce a favorable EEOC order without having to risk a de novo review on the merits.</u> Cf. Pecker v Heckler, 801 F.2d 709, 711 n.3 (4th Cir. 1986); Moore v. Devine, 780 F.2d 1559, 1563 (11th Cir. 1985); Houston v. Nimmo, 670 F.2d 1375, 1378 (9th Cir. 1982). However, <u>we do not accept appellant's suggestion that a favorable liability finding at the administrative level automatically entitles a Title VII plaintiff to the presumption that back pay and a retroactive promotion should be awarded by a federal district court. Rather, as noted above, a liability determination must be reviewed in the context that it was made; facts which were not resolved by the EEOC in making such a determination cannot be read into such a finding upon a claimant's demand. Although we agree that the factual findings underlying an administrative liability determination must be accepted by the district court if the plaintiff so requests, we reject the proposition that an EEOC liability finding necessarily translates into a liability finding under the standards set forth in Blalock.</u>

Id at 1197, 1199. (emphasis added).

In a footnote, the Sixth Circuit provided guidance in a federal employee's Title VII action, noting that any ruling by the EEOC is binding upon the agency and the court unless the employee seeks <u>de novo</u> review in the district court.

> Pursuant to statute and regulations, the federal employing agency and the EEOC are empowered to enter final orders which are binding on the employing agency. See 42 U.S.C. § 2000e-16; 29 C.F.R. §§ 1613.201 et seq. In a private-sector case, the EEOC does not have the power to issue final decisions which are binding on the employer. <u>If a federal employee has received a favorable determination at the administrative level, he or she is able to go into federal court to enforce that order without risking de novo review of the merits. Thus, the employing agency cannot challenge issues decided against it if the plaintiff does not seek de novo review. However, a plaintiff is entitled to a de novo hearing if requested.</u> Chandler v. Roudebush, 425 U.S. 840, 861-64, 96 S.Ct. 1949. 1959-61, 48 L.Ed.2d 416 (1976). In such a case, the district court is not bound by the administrative findings. See Moore v. Devine, 780 F.2d at 1564 (nothing that plaintiff "pled and tried the merits of this claim").

Id. at 1199 n.4 (emphasis added).

Because both parties argue that <u>Haskins</u> supports their respective contentions; the

6

Court examines Haskins's history. Other Circuits have commented on the meaning and rationale of Haskins. In Laber v. Harvey, 438 F.3d 404, 423-24 (4th Cir. 2006), the Fourth Circuit explained that Haskins is limited " to the context of a suit for enforcement" and held that a federal employee cannot file a civil action to contest the adequacy of an administartive remedy without placing before the court the agency's liability for underlying discrimination claim.

In Scott v. Johanns, 409 F.3d 466 (D.C. Cir. 2005) the District of Columbia Circuit observed that in Haskins the Sixth Circuit "had no need to decide whether a plaintiff can seek limited *de novo* review because the defendant there had conceded liability." Id. at 471. In a word, the Court did not interpret Haskins to hold that limited de novo review is available under Section 16(c). The District of Columbia Circuit then held: "Under Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy. They may not, however, seek de novo review of just the remedial award, as Scott tries to do here." Id at 471-72.

In Diamond v. Atwood, 43 F.3d 1538 (D.C.C. 1995), the District of Columbia Circuit addressed Haskins and other related decisions as follows:

> Haskins [and the other cited decisions hold] that an agency is bound by an EEOC finding of employment discrimination, are of no consequence because those cases dealt only with the enforcement of EEOC decisions that had become the final actions of the agency whose conduct was being reviewed. In Haskins, [and those decisions], the agency had expressly adopted the proposed discrimination finding of the EEOC.

Id. at 1541. The District of Columbia Circuit explained the reasoning of the earlier decisions

7

on this issue:

> The rationale underlying the preceding precedent does not apply here. As the [Eleventh Circuit] explained in Moore, the relitigation of findings contained in a final agency decision or EEOC order would require an employee who has successfully invoked an administrative scheme designed to bind agencies to remedy discrimination to prove his or her entire case again in federal court when the agency refuses to take the ordered corrective action. This result would undercut the utility of administrative dispute resolution. . . . .

Id. at 1541 (quoting Moore v. Devine, 780 F.2d 1559, 1653 (11th Cir. 1986))

In Timmons v. White, 314 F.3d 1229 (10th Cir. 2003), the Tenth Circuit interpreted Haskins as creating a distinction between a federal employee's enforcement action and a de novo action.

> In Haskins, the plaintiff obtained a finding of discrimination by the EEOC. The EEOC also found that the plaintiff was not entitled to an award of back pay or retroactive promotion on the ground that she would not have been selected for the position she sought even in the absence of discrimination. The plaintiff thereafter brought suit in district court seeking the denied relief. On appeal, the plaintiff argued that the district court was bound by the EEOC's determination of discrimination, and that the finding necessarily included a finding of causation. Id. at 1196-97. In addressing this claim, the court carefully distinguished between an enforcement action and a de novo civil action ....

Id. at 1234 (emphasis added).

In Girard v. Rubin, 62 F.3d 1244 (9th Cir. 1995), the Ninth Circuit cited approvingly from Haskins that "[i]f a federal employee has received a favorable determination at the administrative level, he or she is able to go into federal court to enforce that order without risking de novo review of the merits. Thus, the employing agency cannot challenge issues decided against it if the plaintiff does not seek de novo review." Id. at 1247(quoting Haskins, 808 F.2d at 1199 n. 4).

8

District courts, including two district courts in the Sixth Circuit, have held that the trial de novo provisions of Section 2000e-16(c) and Chandler mean that once the federal employee files the Title VII action challenging any agency decision, the entire controversy is subject to trial de novo. "'[T]rial' de novo requires a trial of all the issues in a particular case ... [as] distinguished from an 'appeal' wherein an appellate court reviews the record and makes a determination concerning specific errors." Cocciardi v. Russo, 721 F.Supp. 735, 737 (E.D. Pa. 1989). In this Circuit, in Pamplin v. Potter, 2006 WL 1284915 (E.D. Mich. May 10, 2006), the District Court held absent a complaint raising liability issues, the action had to be dismissed.

> "Under Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy. They may not, however, seek de novo review of just the remedial award"... See also Timmons v. White, 314 F.3d 1129, 1233 (10th Cir. 2003) ("[W]e believe that the better-reasoned cases hold that a plaintiff seeking relief under § 2000e-16 is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on those issued in his or her favor."); Herron v. Veneman, 305 F.Supp.2d 64, 76 (D.D.C. 2004) ("[T]he better-supported and reasoned view is that a plaintiff is not entitled to a limited or fragmented trial de novo on damages without having to religitate favorable decision on liability).

Id. at * 3; accord, Kloock v. Potter, No. 04-73610, 2005 WL 1593448 (E.D. Mich. July 6, 2005).

The district court in Pamplin then denied the federal employee's request to amend her complaint, in effect, to present the issue of liability because the agency had provided the employee the other relief for the cited discrimination.

In her response to Defendant's motion, Pamplin seeks leave to amend her Complaint

9

to delete paragraphs 7 through 13. Such leave is freely given. See Foman v. Davis, 371 U.S. 178, 182 (1962) (("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave should as the rule requires, he 'freely given'). Nevertheless, here, Plaintiff's proposed amendment is futile for two reasons. Therefore the Court must deny the request.

> First, Plaintiff is not entitled to partial de novo review and any attempt to hide the nature of her lawsuit by deleting those paragraphs revealing the nature of the claim, is an exercise in futility. Plaintiff may not selectively pursue a remedy on the claims she challenges, while foreclosing review on the claim for which she was awarded a remedy. Second, Plaintiff has received compensatory damages and payment of counseling services and attorney fees. She has not offered to return the money. Nor did she reserve any rights with regard to the payment checks, and Defendant's expectation that the "payment rendered in full satisfaction of the valid order of an administrative agency should not be ignored or undone." St. John v. Potter, 299 F.Supp.2d 125, 129 (E.D.N.Y. 2004). See also Kloock, 2005 WL at *2 (observing that if the plaintiff pursued litigation of all of his claims in federal court, he would have to "disgorge the previously awarded compensatory damages, including attorneys fees and back pay").

Id. at * 3.

The critical issue here is the proper characterization of whether Plaintiff' action is to enforce an administrative ruling or whether Plaintiff is challenging the merits of an administrative ruling. First, the Court observes that because the Postal Service accepted and implemented the ALJ's decision, the EEOC never made a final decision on liability that would be binding on the Postal Service. The Court also concludes that Plaintiff is challenging the EEOC's interpretation of the appropriate remedy. In this context, Haskins does not require the Court to accept the ALJ's decision on liability, if the Defendant elects to contest liability on any Title VII claim. Thus, the Court concludes that this action is for a trial de novo. Finally, Plaintiff accepted all other benefits from the ALJ's decision given that her claim here is that "the agency still owes her $38, 220 in backpay." (Docket Entry No. 9, Exhibit C, EEOC

10

decision at p. 1). Thus, under Pamplin and Kloock, there is not any actionable claim before the Court.

Accordingly, the Defendant's motion to dismiss or for summary judgment (Docket Entry No. 6) should be granted and the Plaintiff's motion for summary judgment (Docket Entry No. 25) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this _14th_ day of June, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge